UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
Statesville DIVISION
DOCKET NO. 5:20-cv-00002-FDW

| | |
|---|---|
| Nicole Ballard Berry, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Andrew M. Saul, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 13), and Defendant's Motion for Summary Judgment. (Doc. No. 15). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision on her application for Supplemental Security Income under 42 U.S.C. § 405(g).[1] Plaintiff alleges the Administrative Law Judge ("ALJ") committed harmful error because (1) she improperly analyzed Plaintiff's reflex sympathetic dystrophy; (2) she mischaracterized Plaintiff's depression as "not severe;" and, (3) she failed to conduct a proper function-by-function analysis of Plaintiff's impairments and failed to provide a logical bridge for her analysis. (Doc. No. 13, p. 6). After careful review, and for the reasons that follow, the Court finds the ALJ committed reversible error. Accordingly, Plaintiff's Motion (Doc. No. 13) is GRANTED, Defendant's Motion (Doc. No. 15) is DENIED and the Commissioner's decision is REVERSED AND REMANDED for further proceedings.

### I.    BACKGROUND

Plaintiff filed an application for Title II disability benefits on September 2, 2016, alleging disability beginning January 1, 2012. (Doc. No. 10-3, p. 19). The claim was initially denied on

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

October 25, 2016 and denied again upon reconsideration on January 1, 2012. Id. A hearing before an ALJ was held on December 13, 2018 in Charlotte, North Carolina. Id. The ALJ returned an unfavorable decision to Plaintiff on January 24, 2019. Id. at p. 29.

The ALJ made her decision after following the five-step evaluation process for disability claims under the Social Security Act ("The Act"). Id. at p. 20; see also 20 C.F.R. § 416.920(a)(4). At the first step, the ALJ determined Plaintiff has not engaged in "substantial gainful activity" since the alleged onset of her disability. (Doc. No. 10-3, p. 21). At step two, the ALJ determined which of Plaintiff's impairments are "severe." Id. at p. 22; 20 C.F.R. §§ 404.1520(c). The ALJ found reflex sympathetic dystrophy ("RSD") as Plaintiff's only severe impairment. (Doc. No. 10-3, p. 22). At step three, the ALJ determined that Plaintiff's severe impairment did not meet or medically equate the severity of impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("Listings"). (Doc. No. 10-3, p. 23). At step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") to perform light work, considering the record and Plaintiff's severe impairment. Id. This determination was qualified by the finding that Plaintiff "could not reach overhead on the right . . . could occasionally handle and finger on the right . . . must avoid workplace hazards . . . [and] would be off task[] five percent of the workday." Id. The ALJ also determined Plaintiff has past relevant work but is unable to perform it. Id. at p. 27. Finally, at step five, the ALJ considered Plaintiff's age, education, work experience, RFC, and the testimony of the Vocational Expert ("VE") to determine Plaintiff can adjust to other jobs in the national economy, such as rental clerk, counter clerk, or usher. See id. at pp. 28-29. The ALJ accordingly denied Plaintiff's application. Id. at p. 29. Plaintiff requested review by the Appeals Council, and such review was denied on November 14, 2019. (Doc. 10-3, p. 2).

## II. STANDARD OF REVIEW

Section 405(g) of Title 42 of the United States Code provides judicial review of the Social Security Commissioner's denial of social security benefits: "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When examining a disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence. Id.; Westmoreland Coal Co., Inc. v. Cochran, 718 F.3d 319, 322 (4th Cir. 2013); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012). A reviewing court may not re-weigh conflicting evidence or make credibility determinations because "it is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (alteration and quotations omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015) (internal quotation marks omitted). Courts do not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; "[w]here conflicting evidence allows reasonable minds to differ," courts defer to the ALJ's decision. Johnson, 434 F.3d at 653.

"In order to establish entitlement to benefits, a claimant must provide evidence of a medically determinable impairment that precludes returning to past relevant work and adjustment

to other work." Flesher v. Berryhill, 697 F. App'x 212, 212 (4th Cir. 2017) (per curiam) (citing 20 C.F.R. §§ 404.1508, 404.1520(g)). In evaluating a disability claim, the Commissioner uses a five-step process. 20 C.F.R. § 404.1520(a)(4). Pursuant to this five-step process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the severity of a listed impairment; (4) could return to his past relevant work; and (5) if not, could perform any other work in the national economy. Id.; see also Lewis v. Berryhill, 858 F.3d 858, 861 (4th Cir. 2017) (citing Mascio v. Colvin, 780 F.3d 632, 634 (4th Cir. 2015)); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. See Lewis, 858 F.3d at 861; Monroe v. Colvin, 826 F.3d 176, 179–80 (4th Cir. 2016).

The Fourth Circuit has held:

> If the claimant fails to demonstrate she has a disability that meets or medically equals a listed impairment at step three, the ALJ must assess the claimant's residual functional capacity ("RFC") before proceeding to step four, which is "the most [the claimant] can still do despite [her physical and mental] limitations [that affect h[er] ability to work]."

Lewis, 858 F.3d at 861-62 (quoting 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)) (alterations in original).

In Lewis, the Fourth Circuit explained the considerations applied before moving to step four:

> [The RFC] determination requires the ALJ to "first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions listed in the regulations." Mascio, 780 F.3d at 636 (internal quotations omitted); see also SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). Once the function-by-function analysis is complete, an ALJ may define the claimant's RFC "in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." SSR 96-8p, 1996 WL 374184, at *1. See generally 20 C.F.R. §§ 404.1567, 416.967 (defining

4

Case 5:20-cv-00002-FDW   Document 16   Filed 10/29/20   Page 4 of 8

> "sedentary, light, medium, heavy, and very heavy" exertional requirements of work).
>
> When assessing the claimant's RFC, the ALJ must examine "all of [the claimant's] medically determinable impairments of which [the ALJ is] aware," 20 C.F.R. §§ 404.1525(a)(2), 416.925(a)(2), "including those not labeled severe at step two." Mascio, 780 F.3d at 635. In addition, he must "consider all [the claimant's] symptoms, including pain, and the extent to which [her] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). "When the medical signs or laboratory findings show that [the claimant has] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [the ALJ] can determine how [her] symptoms limit [her] capacity for work." 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

Lewis, 858 F.3d at 862.

Proceeding to step four, the burden remains with the claimant to show he or she is unable to perform past work. Mascio, 780 F.3d at 635. If the claimant meets their burden as to past work, the ALJ proceeds to step five.

> "At step five, the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." [Mascio, 780 F.3d at 635] (quoting 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2), 416.1429). "The Commissioner typically offers this evidence through the testimony of a vocational expert responding to a hypothetical that incorporates the claimant's limitations." Id.

Lewis, 858 F.3d at 862.

If the Commissioner meets this burden in step five, the claimant is deemed not disabled, and the benefits application is denied. Id.

### III. ANALYSIS

In her Motion for Summary Judgment, Plaintiff contends the ALJ committed three reversible errors: (1) the ALJ failed to properly analyze Plaintiff's RSD; (2) the ALJ improperly mischaracterized Plaintiff's depression as "not severe"; and (3), the ALJ did not conduct a proper

5

Case 5:20-cv-00002-FDW   Document 16   Filed 10/29/20   Page 5 of 8

function-by-function analysis of Plaintiff's impairments and failed to provide a logical bridge between the evidence and conclusions. (Doc. No. 13, p. 6).

### A. Reflex Sympathetic Dystrophy

Plaintiff first assigns error to the ALJ's analysis of her reflex sympathetic dystrophy. (Doc. No. 13, p. 6). Plaintiff agrees with the ALJ's determination that her RSD is a severe impairment, but contends the ALJ failed to "analyze all factors to be taken into account" according to the Social Security guidelines SSR 03-2p and SSR 16-3p, and such failure "prevents the ALJ's decision from being supported by substantial evidence." Id. at pp. 6, 14. In response, Defendant contends the ALJ's conclusion about Plaintiff's RSD is supported by substantial evidence. (Doc. No. 15, p. 4).

Once published, Social Security rulings "are binding on all components of the SSA and represent precedent final opinions and orders and statements of policy and interpretations adopted by the SSA." Pruitt v. Berryhill, 2017 WL 1289911, at *12 (S.D. W. Va. Mar. 9, 2017). ALJs are not required to explicitly cite to such rulings but are required to base their decisions on a proper application of relevant law, and such decisions must be "supported by substantial evidence." Id. (citing Charter v. Craig, 76 F.3d 585, 589 (4th Cir. 1996)). Ruling 03-2p provides specific guidance for adjudicators when evaluating cases involving RSD. It explains that "conflicting evidence in the medical record is not unusual in cases of [RSD] due to the transitory nature of its objective findings . . . [c]larification of any such conflicts in the medical evidence should be sought." SSR 03-2p, 2003 WL 22399117, at *5 (Oct. 20, 2003). Moreover,

> [t]he signs and symptoms of [RSD] may remain stable over time, improve, or worsen. Documentation should, whenever appropriate include a longitudinal clinical record containing detailed medical observations, treatment, the individual's response to treatment, complications of treatment, and a detailed description of how the impairment limits the individual's ability to function and perform or sustain work activity over time.

Id.

An ALJ evaluating a claim involving RSD "must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's basic work activities." Id. at *6. If an individual's statements about the intensity, persistence, and limiting effects of their symptoms are inconsistent with objective medical evidence, "the adjudicator must make a finding on the [individual's] credibility," id.; additionally, such statements may not be disregarded by the adjudicator "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." SSR 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017). Adjudicators should consider "statements from the individual, medical sources, and any other sources that might have information about the individual's symptoms." Id. at *6. Moreover, in explaining the conclusions reached regarding the intensity, persistence, and limiting effects of an individual's symptoms, an adjudicator "will explain which of an individual's symptoms [the ALJ] found consistent or inconsistent with the evidence in [the] record and how [the] evaluation of the individual's symptoms led to [the ALJ's] conclusions." Id. at *8.

Here, the ALJ's evaluation of and conclusion about Plaintiff's RSD is not sufficient under the Social Security guidelines. In considering the intensity, persistence, and limiting effects of Plaintiff's symptoms, the ALJ determined that "the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not consistent with the medical evidence and other evidence in the record. (Doc. No. 10-3, p. 24). However, in addressing these inconsistencies, the ALJ did not adequately explain her conclusions about the intensity, persistence, and limiting effects of Plaintiff's symptoms. For example, the ALJ noted "the claimant demonstrated generally benign exam findings during her relevant period of disability." Id. at p. 25. This finding ignores the transitory nature of RSD, and the ALJ did not indicate she sought any sort
7

of clarification regarding this conflicting evidence as required by SSR 03-2p. The ALJ also devotes substantial time to explaining which of Plaintiff's symptoms were inconsistent with the objective medical evidence, but only briefly discusses the objective symptoms that were consistent with the record. See id. at p. 26. Notably absent from the written decision is any discussion about which of Plaintiff's allegations, if any, the ALJ found *consistent* with the record and the extent to which they factored into the RFC determination. The Court also notes that meaningful review is also frustrated by the ALJ's failure to thoroughly discuss all relevant medical opinions in the record.[2] See (Doc. No. 10-3, pp. 26-27). Because the ALJ has not sufficiently analyzed Plaintiff's RSD in accordance with SSR 03-02p and SSR 16-3p, the ALJ's decision is not supported by substantial evidence to allow for meaningful review; thus, remand is appropriate. The Court declines to address Plaintiff's other assignments of error at this time.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment (Doc. No. 13) is GRANTED, Defendant's Motion for Summary Judgment (Doc. No. 15) is DENIED, and the Commissioner's decision is REVERSED AND REMANDED for further proceedings consistent with this opinion.[3]

IT IS SO ORDERED.

Signed: October 29, 2020

Frank D. Whitney
United States District Judge

---

[2] The ALJ only addressed medical opinions provided by Drs. Yamatoto, Tyrrell, and Berkowitz. (Doc. No. 10-3, pp. 26-27). Based on the ALJ's written decision, the Court is presently unable to determine if there are other relevant medical opinions in the record and, if so, the extent to which they factored into the ALJ's decision.

[3] Under 42 U.S.C. § 405(g), "[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . . ." The Court lacks the power to vacate the Commissioner's decision. Id.

8